Napoli v Bern (2021 NY Slip Op 02757)





Napoli v Bern


2021 NY Slip Op 02757


Decided on May 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 04, 2021

Before: Acosta, P.J., Manzanet-Daniels, Moulton, Scarpulla, JJ. 


Index No. 159576/14 Appeal No. 13762N-13762NA Case No. 2020-04383 2020-04384 

[*1]Paul J. Napoli, Plaintiff-Respondent,
v
Marc J. Bern, Defendant-Respondent. Alan Ripka, Nonparty-Appellant.


Hasapidis Law Offices, Scarsdale (Annette G. Hasapidis of counsel), for appellant.
Quinn Emanuel Urquhart & Sullivan, LLP, New York (Luke Nikas of counsel), for Paul J. Napoli, respondent.
Robert & Robert, PLLC, Uniondale (Clifford S. Robert of counsel), and Law Offices of Michael S. Ross, New York (Michael S. Ross of counsel), for Marc J. Bern, respondent.



Order, Supreme Court, New York County (Mark C. Zauderer, Referee), entered on or about December 5, 2019, which denied nonparty Alan Ripka's motion for indemnification by the legacy firm of Napoli Bern Ripka, LLP for a judgment against him by a former law partner, unanimously reversed, on the law, without costs, and the motion granted. Appeal from order, same court and Referee, entered on or about January 31, 2020, which effectively granted reargument and adhered to the prior determination, unanimously dismissed, without costs, as academic.
This matter arises out of the years'-long dissolution of the firm Napoli Bern Ripka LLP (the NBR Firm) (see e.g. Napoli v Bern, 171 AD3d 489 [1st Dept 2019]; Napoli v Bern, 172 AD3d 592 [1st Dept 2019]).
The settlement agreement and release negotiated by Napoli, Bern, and Ripka to resolve Ripka's claim for past compensation owed to him by the NBR Firm does not encompass claims made by Ripka's former partner, Seth Rotter, so as either to obligate Ripka to indemnify the NBR Firm for those claims or to result in a waiver of the provision in the partnership agreement among Ripka, Napoli, and Bern that Ripka would not be held liable "directly or indirectly" for the obligations of liabilities of the partnership. The amount of money due to Ripka under the settlement agreement with the NBR Firm was tied to whether Rotter was successful in his claims against the firm for an origination fee for a case referred to as "Jackson Hewitt." However, the "Jackson Hewitt" matter merely provided a method for calculating the amount.
Under the agreement, if Rotter failed in his efforts to obtain a share of the NBR Firm's fee in "Jackson Hewitt," then Ripka would be entitled to an amount equal to the NBR Firm's full fee in that matter. If, however, Rotter were successful, then Ripka's settlement amount would be reduced by the amount owed to Rotter, and Ripka would receive $125,000, at a minimum. The agreement is unambiguous in making Ripka responsible for handling the appeal in the Rotter matter and nothing else that might arise from Rotter's claim (see ABS Partnership v AirTran Airways, 1 AD3d 24, 29 [1st Dept 2003]). Thus, the Referee erred in finding that Ripka had no recourse against the NBR Firm for the judgment entered against him personally in favor of Rotter for certain origination fees owed to Rotter by the NBR Firm. Even if the agreement were vague on this point, an interpretation that would result in a finding that Ripka settled his claim for a negative amount could not represent the reasonable expectations of the parties and therefore would be unacceptable (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]). The Referee also erred in finding that the agreement provided that the minimum $125,000 payment would be made to Ripka only if Rotter prevailed on appeal in the first litigation and lost in the subsequent plenary action, but not if he lost on the appeal and prevailed in the plenary action. The agreement [*2]is poorly crafted, but it provides unambiguously that if Ripka received anything less than the full fee in "Jackson Hewitt," the NBR Firm would pay him the difference between what he received and the full fee, up to a maximum of $125,000.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2021